IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

DALE LUDEMAN,

        Plaintiff,

vs.                          Case No. 07 C 50216

INDUSTRIAL MOLDS, INC.,

        Defendant.

## AMENDED COMPLAINT

Plaintiff Dale Ludeman, by his attorneys, Reinhart Boerner Van Deuren s.c., for his complaint against the defendant, Industrial Molds, Inc., states as follows:

### BACKGROUND

**A.    Parties and Jurisdiction**

1.    This action arises under Title VII of the Civil Rights Act of 1964 ("Title VII") as amended by the Civil Rights Act of 1991 and under Illinois state law.

2.    Dale Ludeman ("Mr. Ludeman") is a resident of the state of Illinois and at all times relevant hereto has resided in the state of Illinois. Mr. Ludeman is a citizen of the United States.

3. Industrial Molds, Inc. ("Industrial Molds") is an Illinois corporation licensed and doing business in the state of Illinois and is and at all times mentioned herein, an employer within the meaning of Title VII.

4. Plaintiff, from January 2002 to August 28, 2006 was employed as President of Industrial Molds.

5. At all relevant times, defendant employed more than 15 people.

6. All preconditions for venue and jurisdiction under § 706 of Title VII, 42 U.S.C. § 2000e-5(f)(3), have been satisfied.

    (a) Mr. Ludeman filed a timely charge of employment discrimination on the basis of religious discrimination with the Equal Employment Opportunity Commission ("EEOC").

    (b) The EEOC issued a "right to sue" letter on August 14, 2007.

    (c) Mr. Ludeman filed this complaint within 90 days of receiving the "right to sue" letter from the EEOC.

7. Pendent Jurisdiction under 28 U.S.C. § 1367 allows the court to hear Mr. Ludeman's state law claims.

8. Venue is appropriate under 28 U.S.C. § 1391 as Mr. Ludeman is an Illinois resident of this district, Industrial Molds is an Illinois corporation with headquarters in this district and the contract was agreed to and performed in this district.

9. Mr. Ludeman requests and demands a trial by Jury.

**B.    Statement of Facts**

10. Mr. Ludeman became President of Industrial Molds in 2002.

11. On August 9, 2002, Mr. Ludeman entered into an employment contract (the "Contract") with Industrial Molds. The Contract provided for various terms of his employment, including, but not limited to: a job description and conditions of termination. A true and correct copy of the Contract is attached to this Amended Complaint as Exhibit A.

12. Section 5B of the Contract specifically states that Ludeman is entitled to payment of an amount equivalent to two years' income in the event that Industrial Molds terminates his employment without "cause."

13. The Contract defines "cause" in Section 5D.

14. Section 5D also requires Industrial Molds to give Mr. Ludeman notice of intent to terminate for cause and thirty days to correct the conduct in the event that Industrial Molds identifies conduct that could serve as grounds for termination for cause but where that conduct is "capable of being cured."

15. The majority owner of Industrial Molds is Jack Peterson.

16. In 2001, when Mr. Ludeman went to Mr. Peterson's house for a discussion regarding becoming President of Industrial Molds, Jack Peterson, his wife, Marla Peterson, and his children Timothy Peterson and Eric Peterson

stressed that Industrial Molds was a "Christian company" and interrogated Mr. Ludeman about his religious beliefs.

17. Several years later, Jack Peterson accused Mr. Ludeman of being a "Bad Christian."

18. In 2005 and 2006, Jack Peterson lectured Mr. Ludeman repeatedly about the fact that "God was the CEO" of Industrial Molds, that Mr. Ludeman was not behaving in a "Christian manner," and that Mr. Ludeman was not "displaying confidence with [his] faith in God to the employees" as Jack Peterson did.

19. In a letter to Mr. Ludeman on April 3, 2006, Peterson stated "This Company was founded on faith in God and must continue that way"; "God has given us this company, but everything seems to revolve around you"; that Industrial Molds should have a "God identity"; and that the first of three objectives for Industrial Molds was a "God honoring identity."

20. On another occasion in 2006, Jack Peterson referred to Mr. Ludeman as Satan or the Devil and stated that Mr. Ludeman had a lack of faith and was not leading in a Godly manner.

21. On August 28, 2006, Mr. Ludeman received a termination letter (the "Letter") from Industrial Molds. A true and correct copy of the Letter is attached hereto as Exhibit B. In the Letter, Industrial Molds terminated Mr. Ludeman effective that day, alleging that Mr. Ludeman had committed actions that were substantially detrimental to the best interests of Industrial Molds and that

Mr. Ludeman had repeatedly been warned regarding the conduct and therefore his termination was immediate. The Letter also indicated that the termination invoked the restrictions of Section 5(A), the non-compete clause.

22. The Letter listed several erroneous claims that Industrial Molds contended were cause for his termination, none of which constitute "cause" as defined in the Contract, and none of which are factually true. Industrial Molds' termination of Mr. Ludeman was done without "cause" as that term is defined in the Contract.

23. The Letter lacks any reference to prior notice of intent to terminate or a thirty-day opportunity for Mr. Ludeman to cure alleged misconduct, and Industrial Molds failed to give Mr. Ludeman proper notice.

24. Industrial Molds has refused to give Mr. Ludeman the compensation to which Mr. Ludeman is entitled under the Contract in the event of termination without cause.

25. Section 5E requires Industrial Molds to pay Mr. Ludeman interest on the amount due in the event of termination without cause. Section 6 specifies that the prevailing party of any dispute regarding the Contract may recover all attorneys' fees and costs.

26. Industrial Molds' termination of Mr. Ludeman was without cause and Industrial Molds has violated the Contract.

## COUNT I
### (Religious Discrimination in violation of
### Sec. 703 of Title VII, 42 U.S.C. §2000e-2)

27. Mr. Ludeman incorporates by reference the allegations asserted in paragraphs 1 through 26.

28. Industrial Molds claimed the termination was because Mr. Ludeman acted in a manner substantially detrimental to the best interests of the company.

29. The reason provided by Industrial Molds was false.

30. Industrial Molds discriminated against Mr. Ludeman on the basis of his perceived religious beliefs. A significant motivating factor in the termination of Mr. Ludeman by Industrial Molds was Jack Peterson's view that Mr. Ludeman did not follow Jack Peterson's form of Christianity.

31. Industrial Molds knowingly and intentionally discriminated against Mr. Ludeman on the basis of his religious beliefs or Industrial Molds' perception of Mr. Ludeman's religious beliefs in violation of Sec. 703 of Title VII, 42 U.S.C. §2000e-2.

32. Industrial Molds' actions were intentional, malicious and with reckless disregard for Mr. Ludeman's rights and caused Mr. Ludeman damages, including but not limited to loss of pay, benefits and other economic losses, emotional pain and suffering, mental anguish, humiliation, embarrassment, personal indignity and other intangible injuries for which he should be compensated.

## COUNT II
### (Quid Pro Quo Religious Harassment in violation of Sec. 703 of Title VII, 42 U.S.C. §2000e-2)

33. Mr. Ludeman incorporates by reference the allegations asserted in paragraphs 1 through 32.

34. Jack Peterson's comments and threats that Mr. Ludeman was a "Bad Christian," that he was not behaving in a "Christian manner," along with other comments related to his expectations regarding Mr. Ludeman's religious beliefs and expectations that the company would honor God, constitute a requirement that Mr. Ludeman's adherence to Jack Peterson's set of religious values was a condition of his continued employment.

35. Jack Peterson's comments also constituted threats that Mr. Ludeman become a better Christian or face termination.

36. These actions constitute Quid Pro Quo Religious Harassment prohibited by and in violation of Sec. 703 of Title VII, 42 U.S.C. §2000e-2.

37. Industrial Molds' actions were intentional, malicious and with reckless disregard for Mr. Ludeman's rights and caused Mr. Ludeman damages, including but not limited to loss of pay, benefits and other economic losses, emotional pain and suffering, mental anguish, humiliation, embarrassment, personal indignity and other intangible injuries for which he should be compensated.

## COUNT III
### (Hostile Work Environment in violation of Sec. 703 of Title VII, 42 U.S.C. §2000e-2)

38. Mr. Ludeman incorporates by reference the allegations asserted in paragraphs 1 through 37.

39. Jack Peterson's numerous harassing and intimidating statements created a hostile work in violation of Sec. 703 of Title VII, 42 U.S.C. §2000e-2.

40. Industrial Molds' actions were intentional, malicious and with reckless disregard for Mr. Ludeman's rights and caused Mr. Ludeman damages, including but not limited to loss of pay, benefits and other economic losses, emotional pain and suffering, mental anguish, humiliation, embarrassment, personal indignity and other intangible injuries for which he should be compensated.

## COUNT IV
### (Breach of Contract)

41. Mr. Ludeman incorporates by reference the allegations asserted in paragraphs 1 through 40.

42. The Contract is a valid and enforceable contract.

43. Industrial Molds breached Section 5B of the Contract by terminating Ludeman without cause and then refusing to pay Ludeman the compensation due to him under the Contract.

44. Even if there had been cause to terminate Ludeman, which there was not, Industrial Molds breached the Contract by failing to provide Ludeman with notice of an intent to terminate and an opportunity to cure those causes as required by Section 5D.

WHEREFORE, Plaintiff demands judgment against defendant Industrial Molds, Inc. for :

    A.    Punitive damages in an amount to be determined at trial;

    B.    Plaintiff's attorneys' fees and costs in this action;

    C.    Compensatory damages, including back pay with interest, and reinstatement;

    D.    Compensate Plaintiff according to the terms of Sections 5B and 5E of the Contract, providing him with twice his highest yearly compensation from Industrial Molds, Inc. according to W-2 forms, plus interest.

    E.    Pay attorneys' fees and Court costs to Plaintiff in accordance with Section 6 of the Contract.

    F.    Such other relief as may be just and equitable; and

    G.    For all other equitable and legal relief to which Plaintiff is entitled.

PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE

Dated at Rockford, Illinois, this 18th day of December, 2007.

William H. Dietrich, Esq.
Reinhart Boerner Van Deuren, s.c.
2215 Perrygreen Way
Rockford, IL 61107
815-633-5300

By s/ William H. Dietrich
William H. Dietrich

OF COUNSEL:

John H. Zawadsky
Christopher P. Banaszak, Esq.
Christopher W. Rawsthorne, Esq.
Reinhart Boerner Van Deuren s.c.
1000 North Water Street,
Suite 2100
Milwaukee, WI 53202
414-298-1000

## CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that he caused a copy of the foregoing Amended Complaint to be served upon the following via CM/ECF service on December 18, 2007:

Donald Q. Manning
dqm@mjwpc.com

Jeffrey P. Orduno
jpo@mjwpc.com

Daniel T. Williams , Jr.
dtw@mjwpc.com

By s/ William H. Dietrich
William H. Dietrich