IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

DALE LUDEMAN,

Plaintiff,

vs.                                              Case No. 07 C 50216

INDUSTRIAL MOLDS, INC., and
TIM PETERSON

Defendants.

## ANSWER TO SECOND AMENDED COMPLAINT

Defendants, Industrial Molds, Inc. and Tim Peterson, by their attorneys, McGreevy

Williams, P.C., states as follows for its answer to the Plaintiff's second amended complaint:

## BACKGROUND

A.    Parties and Jurisdiction

1.    This action arises under Title VII of the Civil Rights Act of 1964 ("Title VII") as

amended by the Civil Rights Act of 1991 and under Illinois state law.

ANSWER:    Defendants admit the allegations of paragraph 1.

2.    Dale Ludeman ("Mr. Ludeman") is a resident of the state of Illinois and at all

times relevant hereto has resided in the state of Illinois. Mr. Ludeman is a citizen of the

United States.

ANSWER:    Defendants admit the allegations of paragraph 2.

3.    Tim Peterson is a resident of the state of Illinois and at all times relevant

hereto has resided in the state of Illinois. Tim Peterson is a citizen of the United States.

ANSWER:    Defendants admit the allegations of paragraph 3.

4.    Industrial Molds, Inc. ("Industrial Molds") is an Illinois corporation licensed

and doing business in the state of Illinois and is and at all times mentioned herein, an

employer within the meaning of Title VII.

ANSWER:    Defendants admit the allegations of paragraph 4.

5.    Plaintiff, from January 2002 to August 28, 2006 was employed as President

of Industrial Molds.

ANSWER:    Defendants admit the allegations of paragraph 5.

6.    At all relevant times, defendant employed more than 15 people.

ANSWER:    Defendants admit the allegations of paragraph 6.

7.    All preconditions for venue and jurisdiction under § 706 of Title VII, 42 U.S.C.

§ 2000e-5(f)(3), have been satisfied.

    (a)    Mr. Ludeman filed a timely charge of employment discrimination on

the basis of religious discrimination with the Equal Employment Opportunity commission

("EEOC").

    (b)    The EEOC issued a "right to sue" letter on August 14, 2007.

    (c)    Mr. Ludeman filed this complaint within 90 days of receiving the

"right to sue" letter from the EEOC.

ANSWER:    Defendants deny the allegations of the first sentence of paragraph 7 and 7 (a),

but admit 6 (b) and 6 (c).

8.    Pendent Jurisdiction under 28 U.S.C. § 1367 allows the court to hear Mr.

Ludeman's state law claims.

ANSWER:    Defendants admit the allegations of paragraph 8.

9.    Venue is appropriate under 28 U.S.C. § 1391 as Mr. Ludeman is an Illinois

resident of this district, Industrial Molds is an Illinois corporation with headquarters in this

district and the contract was agreed to and performed in this district.

ANSWER:    Defendants admit the allegations of paragraph 9.

10.    Mr. Ludeman requests and demands a trial by Jury.

ANSWER:    Defendants neither admit nor deny the allegations of paragraph 10 on the

basis that said allegations consist of legal conclusions which require no response by way of

pleading.

B.    Statement of Facts

12.    Mr. Ludeman became President of Industrial Molds in 2002.

ANSWER:    Defendants admit the allegations of paragraph 12.

13.    On August 9, 2002, Mr. Ludeman entered into an employment contract (the

"Contract") with Industrial Molds. The Contract provided for various terms of his

employment, including, but not limited to: a job description and conditions of termination. A

true and correct copy of the Contract is attached to this Amended Complaint as Exhibit A.

ANSWER:    Defendants admit the allegations of paragraph 13.

14.    Section 5B of the Contract specifically states that Ludeman is entitled to payment of an amount equivalent to two years' income in the event that Industrial Molds terminates his employment without "cause."

ANSWER:    Defendants admit the allegations of paragraph 14.

15.    The Contract defines "cause" in Section 5D.

ANSWER:    Defendants admit the allegations of paragraph 15.

16.    Section 5D also requires Industrial Molds to give Mr. Ludeman notice of intent to terminate for cause and thirty days to correct the conduct in the event that Industrial Molds identifies conduct that could serve as grounds for termination for cause but where that conduct is "capable of being cured."

ANSWER:    Defendants deny the allegations of paragraph 16 on the basis that the contract language speaks for itself.

17.    The majority owner of Industrial Molds is Jack Peterson.

ANSWER:    Defendants admit the allegations of paragraph 17.

18.    In 2001, when Mr. Ludeman went to Mr. Peterson's house for a discussion regarding becoming President of Industrial Molds, Jack Peterson, his wife, Marla Peterson, and his children Timothy Peterson and Eric Peterson stressed that Industrial Molds was a "Christian company" and interrogated Mr. Ludeman about his religious beliefs.

ANSWER:    Defendants deny the allegations of paragraph 18.

19.    Several years later, Jack Peterson accused Mr. Ludeman of being a "Bad Christian."

ANSWER:    Defendants deny the allegations of paragraph 19.

20.    In 2005 and 2006, Jack Peterson lectured Mr. Ludeman repeatedly about the fact that "God was the CEO" of Industrial Molds, that Mr. Ludeman was not behaving in a "Christian manner," and that Mr. Ludeman was not "displaying confidence with [his] faith in God to the employees" as Jack Peterson did.

ANSWER:    Defendants deny the allegations of paragraph 20.

21.    In a letter to Mr. Ludeman on April 3, 2006, Peterson stated "This Company was founded on faith in God and must continue that way'; "God has given us this company, but everything seems to revolve around you"; that Industrial Molds should have a "God identity"; and that the first of three objectives for Industrial Molds was a "God honoring identity."

ANSWER:    Defendants deny the allegations of paragraph 21 on the basis that the allegations are an incomplete recital of the communication in question.

22.    On another occasion in 2006, Jack Peterson referred to Mr. Ludeman as Satan or the Devil and stated that Mr. Ludeman had a lack of faith and was not leading in a Godly manner.

ANSWER:    Defendants deny the allegations of paragraph 22.

23.    On August 28, 2006, Mr. Ludeman received a termination letter (the "Letter') from Industrial Molds. A true and correct copy of the Letter is attached hereto as Exhibit B.

In the Letter, Industrial Molds terminated Mr. Ludeman effective that day, alleging that Mr. Ludeman had committed actions that were substantially detrimental to the best interests of Industrial Molds and that Mr. Ludeman had repeatedly been warned regarding the conduct and therefore his termination was immediate. The Letter also indicated that the termination invoked the restrictions of Section 5(A), the non-compete clause.

ANSWER:    Defendants admit the allegations of paragraph 23.

24.    The Letter listed several erroneous claims that Industrial Molds contended were cause for his termination, none of which constitute "cause" as defined in the Contract, and none of which are factually true. Industrial Molds' termination of Mr. Ludeman was done without "cause" as that term is defined in the Contract.

ANSWER:    Defendants deny the allegations of paragraph 24.

25.    The Letter lacks any reference to prior notice of intent to terminate or a thirty-day opportunity for Mr. Ludeman to cure alleged misconduct, and Industrial Molds failed to give Mr. Ludeman proper notice.

ANSWER:    Defendants deny the allegations of paragraph 25.

26.    Industrial Molds has refused to give Mr. Ludeman the compensation to which Mr. Ludeman is entitled under the Contract in the event of termination without cause.

ANSWER:    Defendants deny the allegations of paragraph 26.

27.    Section 5E requires Industrial Molds to pay Mr. Ludeman interest on the amount due in the event of termination without cause. Section 6 specifies that the prevailing party of any dispute regarding the Contract may recover all attorneys' fees and costs.

ANSWER:    Defendants deny the allegations of paragraph 27 on the basis that the Contract speaks for itself and Defendant further denies liability for the amounts claimed.

28.    Industrial Molds' termination of Mr. Ludeman was without cause and Industrial Molds has violated the Contract.

ANSWER:    Defendants deny the allegations of paragraph 28.

## COUNT I
### (Religious Discrimination in violation of
### Sec. 703 of Title VII, 42 U.S.C.§2000e-2)

29.    Defendants adopt and incorporates their answers to paragraphs 1-28.

30.    Industrial Molds claimed the termination was because Mr. Ludeman acted in a manner substantially detrimental to the best interests of the company.

ANSWER:    Defendants admit the allegations of paragraph 30.

31.    The reason provided by Industrial Molds was false.

ANSWER:    Defendants deny the allegations of paragraph 31.

32.    Industrial Molds discriminated against Mr. Ludeman on the basis of his perceived religious beliefs. A significant motivating factor in the termination of Mr. Ludeman by Industrial Molds was Jack Peterson's view that Mr. Ludeman did not follow Jack Peterson's form of Christianity.

ANSWER:    Defendants deny the allegations of paragraph 32.

33.    Industrial Molds knowingly and intentionally discriminated against Mr. Ludeman on the basis of his religious beliefs or Industrial Molds' perception of Mr. Ludeman's religious beliefs in violation of Sec. 703 of Title VII, 42 U.S.C. §2000e-2.

ANSWER:    Defendants deny the allegations of paragraph 33.

34.    Industrial Molds' actions were intentional, malicious and with reckless disregard for Mr. Ludeman's rights and caused Mr. Ludeman damages, including but not limited to loss of pay, benefits and other economic losses, emotional pain and suffering, mental anguish, humiliation, embarrassment, personal indignity and other intangible injuries for which he should be compensated.

ANSWER:    Defendants deny the allegations of paragraph 34.

## COUNT II
### (Quid Pro Quo Religious Harassment in violation of Sec. 703 of Title VII, 42 U.S.C.§2000e-2)

35.    Defendants adopt and incorporate their answers to paragraphs 1-34.

36.    Jack Peterson's comments and threats that Mr. Ludeman was a "Bad Christian," that he was not behaving in a "Christian manner," along with other comments related to his expectations regarding Mr. Ludeman's religious beliefs and expectations that the company would honor God, constitute a requirement that Mr. Ludeman's adherence to Jack Peterson's set of religious values was a condition of his continued employment.

ANSWER:    Defendants deny the allegations of paragraph 36.

37.    Jack Peterson's comments also constituted threats that Mr. Ludeman become

a better Christian or face termination.

ANSWER:     Defendants deny the allegations of paragraph 37.

38.     These actions constitute Quid Pro Quo Religious Harassment prohibited by

and in violation of Sec. 703 of Title VII., 42 U.S.C. §2000e-2.

ANSWER:     Defendants deny the allegations of paragraph 38.

39.     Industrial Molds' actions were intentional, malicious and with reckless

disregard for Mr. Ludeman's rights and caused Mr. Ludeman damages, including but not

limited to loss of pay, benefits and other economic losses, emotional pain and suffering,

mental anguish, humiliation, embarrassment, personal indignity and other intangible injuries

for which he should be compensated.

ANSWER:     Defendants deny the allegations of paragraph 39.

**COUNT III**
**(Hostile Work Environment in violation of**
**Sec. 703 of Title VII, 42 U.S.C. §2000e-2)**

40.     Defendants adopt and incorporate their answers to paragraphs 1-39.

41.     Jack Peterson's numerous harassing and intimidating statements created a

hostile work in violation of Sec. 703 of Title VII, 42 U.S.C. §2000e-2.

ANSWER:     Defendants deny the allegations of paragraph 41.

42.     Industrial Molds' actions were intentional, malicious and with reckless

disregard for Mr. Ludeman's rights and caused Mr. Ludeman damages, including but not

limited to loss of pay, benefits and other economic losses, emotional pain and suffering,

9

mental anguish, humiliation, embarrassment, personal indignity and other intangible injuries

for which he should be compensated.

ANSWER:    Defendants deny the allegations of paragraph 42.

## COUNT IV
### (Breach of Contract)

43.    Defendants adopt and incorporate their answers to paragraphs 1-42.

44.    The Contract is a valid and enforceable contract.

ANSWER:    Defendants admit the allegations of paragraph 44.

45.    Industrial Molds breached Section 5B of the Contract by terminating Ludeman

without cause and then refusing to pay Ludeman the compensation due to him under the

Contract.

ANSWER:    Defendants deny the allegations of paragraph 45.

46.    Even if there had been cause to terminate Ludeman, which there was not,

Industrial Molds breached the Contract by failing to provide Ludeman with notice of an

intent to terminate and an opportunity to cure those causes as required by Section 5D.

ANSWER:    Defendants deny the allegations of paragraph 46.

## COUNT V
### (Tortious Interference with Contract)
### (Against Defendant Tim Peterson)

47.    Defendants adopt and incorporate their answers to paragraphs 1 through

46.

48.    A valid and enforceable contract pertaining to Mr. Ludeman's employment with Industrial Molds existed between Mr. Ludeman and Industrial Molds.

ANSWER:    Defendants admit the allegations of paragraph 48.

49.    Tim Peterson is the son of Jack Peterson.

ANSWER:    Defendants admit the allegations of paragraph 49.

50.    At the time of Mr. Ludeman's termination from Industrial Molds, Tim Peterson was a manager of Industrial Molds.

ANSWER:    Defendants admit that Tim Peterson was an employee of Industrial Molds, but deny the legal conclusions regarding the nature of his position or title.

51.    Mr. Ludeman, as President of Industrial Molds, was a supervisor of Tim Peterson.

ANSWER:    Defendants admit that Ludeman was an employee of Industrial Molds, but deny the remaining allegations of Paragraph 51.

52.    Tim Peterson was aware that a valid and enforceable contract existed between Mr. Ludeman and Industrial Molds.

ANSWER:    Defendants admit the allegations of paragraph 52.

53.    Tim Peterson intentionally and unjustifiably made false statements regarding Mr. Ludeman to Jack Peterson to force and induce his termination of employment.

ANSWER:    Defendants deny the allegations of paragraph 53.

54.    The reasons conveyed by Tim Peterson to Jack Peterson for Mr. Ludeman's termination, including, without limitation, that Mr. Ludeman was insubordinate, lied, had

alleged performance problems and was causing dissention, were false and were not the true reasons why Tim Peterson wanted Mr. Ludeman terminated. Tim Peterson knew that these reasons were false, or in the alternative, Tim Peterson acted in reckless disregard of whether these statements were false and should have known these statements were false.

ANSWER:    Defendants deny the allegations of paragraph 54.

55.    In particular, Tim Peterson wanted Mr. Ludeman terminated in order to advance his own position within Industrial Molds.

ANSWER:    Defendants deny the allegations of paragraph 55.

56.    Tim Peterson, through his conduct described in paragraphs 53-55, acted in his own interests, contrary to the interests of Industrial Molds, without intending to further the interests of Industrial Molds, solely for his own gain and to harm Mr. Ludeman.

ANSWER:    Defendants deny the allegations of paragraph 56.

57.    Tim Peterson's conduct, described in paragraphs 53-55, was an intentional and unjustified inducement of a breach of the contract between Mr. Ludeman and Industrial Molds. Tim Peterson, without cause or excuse, intentionally maliciously and with an evil motive to injure Mr. Ludeman induced Industrial Molds to breach the employment contract with Mr. Ludeman.

ANSWER:    Defendants deny the allegations of paragraph 57.

58.    Tim Peterson's wrongful conduct caused Industrial Molds to breach its contract with Mr. Ludeman.

ANSWER:    Defendants deny the allegations of paragraph 58.

59.    Mr. Ludeman was damaged by Tim Peterson's wrongful conduct, including but

not limited to, the loss of his employment with Industrial Molds, the breach of his contract

with Industrial Molds and damage to his professional reputation.

ANSWER:    Defendants deny the allegations of paragraph 59.

WHEREFORE, Industrial Molds, Inc. and Tim Peterson request judgment in its favor

and against the Plaintiff and for an award of its fees, costs and such other relief as the Court

deems just and proper.

INDUSTRIAL MOLDS, INC. and TIM PETERSON,
Defendants

BY:   MCGREEVY WILLIAMS P.C.

BY:____/s/ Donald Q. Manning
        Donald Q. Manning

Donald Q. Manning
McGreevy Williams, P.C.
6735 Vistagreen Way
P.O. Box 2903
Rockford, IL 61132-2903
815-639-3700
fax: 815-639-9400

STATE OF ILLINOIS          )
                           ) SS.
COUNTY OF WINNEBAGO        )

### AFFIDAVIT OF SERVICE

     I, the undersigned, being first duly sworn on oath, depose and say that I served the Answer to Second Amended Complaint, upon the within named:

Amy L. Lindner
Reinhart Boerner Van Deuren, s.c.
1000 North Water Street
Suite 2100
Milwaukee, WI 53202

John H. Zawadsky
Christopher P. Banaszak, Esq.
Christopher W. Rawsthorne, Esq.
Reinhart Boerner Van Deuren s.c.
1000 North Water Street
Suite 2100
Milwaukee, WI 53202
**Via Regular Mail Only**

by electronically filing said documents with the Clerk of the Federal Court using the CM/ECF filing system, at or about the hour of 2:00 o'clock P.M., on the 20th day of August, 2008.

_____

Subscribed and sworn to before
me this 20th day of August, 2008.

_____
NOTARY PUBLIC

"OFFICIAL SEAL"
SHARON B. McKENZIE
Notary Public, State of Illinois
My Commission Expires 02/10/11

14